CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 07 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEVI SPRINGER, | ) | Civil Action No. 7:12cv00158 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **FINAL ORDER ADOPTING** |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| OFFICER BROWN #1 *et al.*, | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Levi Springer, a Virginia inmate proceeding *pro se*, originally brought this 42 U.S.C. § 1983 action against a number of Red Onion State Prison ("ROSP") and Virginia Department of Corrections employees. Springer's claims arose when two ROSP guards came to Springer's cell to take him to a medical appointment. Springer alleged that the guards intentionally and needlessly trapped his arms in the pass-through apparatus that prison staff uses to secure prisoners before opening their cell doors, inflicting cuts on his arms that required medical attention. Springer sued the two guards involved in the incident and nearly everyone involved in the incident's aftermath, variously asserting claims of excessive force, deliberate indifference to medical needs, and due process violations. On March 11, 2013, the Magistrate Judge filed a report recommending that the court grant the defendants' motion for summary judgment on all of Springer's claims except for his excessive-force claims against the two ROSP guards with whom the incident allegedly originated. The court adopted that Report and Recommendation in its entirety.

On July 10, 2013, the Magistrate Judge conducted a hearing on Springer's remaining excessive-force claims. The Magistrate Judge has filed a report that summarizes the evidence and recommends that the court enter judgment for the defendants based on Springer's failure to

show that the defendants actually used the force that Springer alleged or that the defendants even caused Springer's injuries. Among other things, the Report and Recommendation notes that the alleged mode of injury did not match the appearance of Springer's cuts; that the testimony along with the documents on file (including various incident reports, medical reports, and grievance forms) strongly supported the defendants' version of events; and that numerous witnesses testified to Springer's long history of self-injurious behavior, including a prison nurse who testified that "Springer's medical records contained reports 'too numerous to count' of incidents in which Springer had cut himself on previous occasions." Report and Recommendation 14, ECF No. 114.

Springer has filed objections to the Report and Recommendation in which he recasts old arguments and asserts a nascent demand for a jury trial.[1] Having reviewed Springer's objections, the Report and Recommendation, and pertinent portions of the record *de novo*, the court agrees with the Magistrate Judge's recommendation. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Springer's objections are **OVERRULED**, the Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety, judgment is **ENTERED** in favor of the defendants, and this matter is **STRICKEN** from the court's active docket.

**ENTER**: August 7, 2013.

UNITED STATES DISTRICT JUDGE

---

[1] "The Seventh Amendment right to a jury trial is not automatic, and it may be waived if not made within the time limits set by [Federal Rule of Civil Procedure] 38(b)." DeWitt v. Hutchins, 309 F. Supp. 2d 743, 754 (M.D.N.C. 2004). Under Rule 38(b), a party must demand a jury trial by serving a written demand "no later than 14 days after the last pleading directed to the issue served."